In re SAXON INDUSTRIES,
INC., Debtor.

MILLEN INDUSTRIES, INC., Plaintiff,

v.

SAXON INDUSTRIES, INC., Defendant.

Bankruptcy No. 82 B 10697.
Adv. No. 82–5824–A.

United States Bankruptcy Court,
S.D. New York.

Aug. 23, 1983.

Angel & Frankel, P.C., New York City, for plaintiff.

Burns, Summit, Rovins & Feldesman, New York City, for defendant.

## DECISION AND ORDER ON MOTION TO DISMISS AMENDED COMPLAINT AND FOR ENTRY OF A DEFAULT JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On April 15, 1982, Saxon Industries, Inc. (Saxon) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Saxon was continued in possession of its property and in the operation of its business pursuant to Section 1107 of the Bankruptcy Code.

Millen Industries, Inc. (Millen) commenced the within adversary proceeding by filing with this court a summons and complaint on July 8, 1982. On that date an order was signed shortening Saxon's time to answer or move with respect to the complaint to July 14, 1982. Thereafter, the parties commenced negotiations in an effort to resolve their disputes. To facilitate these negotiations, the parties agreed that Saxon's time to answer or otherwise move with respect to the complaint would be adjourned *sine die.*

On November 9, 1982 Saxon served its answer, affirmative defenses, and counterclaim on Millen. The next day Millen returned this to Saxon as untimely, taking the position that Saxon's time to respond to the complaint was extended only up to November 4, 1982. On December 13, 1982 Saxon served an amended answer. It does not appear that Millen undertook to reject the amended answer.

On January 7, 1983 Millen filed an amended complaint with this court. Saxon moved this court, on May 11, 1983, to dismiss Millen's amended complaint and to enter a default judgment on each counterclaim asserted in Saxon's amended answer.

Saxon urges several grounds in support of its motion to dismiss the amended complaint. Saxon avers that the pleading fails to state a claim upon which relief can be granted and, that it fails to plead fraud with particularity in contravention of FRCP 9(b) made applicable to this proceeding by Bankruptcy Rule 709. However, the complaint seeks, *inter alia,* the lifting of the automatic stay. To obtain such relief Millen need only demonstrate sufficient cause. Thus, FRCP 9(b) is inapplicable. The complaint states a claim in that it sets forth sufficient cause to lift the stay, although this may be belied at trial.

Finally, Saxon contends that Millen's amended complaint was untimely, and must be dismissed because Millen had not applied for leave of court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (FRCP). Bankruptcy Rule 715 applies FRCP 15 to adversary proceedings with ex-

ceptions which are not applicable herein. Millen counters with its contention that Saxon having failed to answer the original complaint timely, Millen was free to amend its complaint on a theory that the untimely answer was a nullity; therefore, no leave of court was necessary. The record is unclear with respect to the true intentions of the parties in voluntarily extending the time to answer the complaint.

The drastic sanctions of granting relief by default on the counterclaims, or dismissal of the amended complaint is not appropriate in all these circumstances. Saxon's motion must be, and hereby is, denied.

It is so ordered.